UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSEPH DONNELL                                                                                              PLAINTIFF

V.                                                             CIVIL ACTION NO. 3:13CV761 DPJ-FKB

THE HARTFORD CENTRAL PROPERTY
CLAIMS REGION, ET AL.                                                                           DEFENDANTS

CONSOLIDATED WITH

HARTFORD UNDERWRITERS INSURANCE CO.                                           PLAINTIFF

V.                                                             CIVIL ACTION NO. 3:14CV344 DPJ-FKB

JOSEPH DONNELL                                                                                           DEFENDANT

ORDER

This insurance-coverage dispute is before the Court on Defendant Donan Engineering Co., Inc.'s Motion to Dismiss [19]. On December 30, 2014, *pro se* Plaintiff Joseph Donnell filed a response [57], and Donan filed a reply shortly thereafter. Having fully considered the premises, the Court finds that Donan's motion should be denied.

I.      Background

Donnell filed this suit seeking damages related to the repair of storm damage to his home and named as Defendants his homeowners' insurance company (Hartford), the company that performed the repairs (J&S Enterprise), and the forensic engineering firm retained by the insurer (Donan Engineering). Generally speaking, Donnell complains of negligence, fraud, breach of contract, and violation of the "Miss. Deceptive Trade Act." Compl. [1] at 1. On February 2, 2014, Donan sought dismissal under Federal Rule of Civil Procedure 12(b)(6). There have been a number of procedural twists, but the motion is now ripe for consideration.

II.     Motion to Dismiss Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)).  To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ.P. 8(a)(2)).  "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).  In addition, when a party alleges fraud, that "party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  "To plead fraud adequately, the plaintiff must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010).  Finally, when, as

here, a party represents himself, the complaint is "'held to less stringent standards than formal pleadings drafted by lawyers.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)).

III. Analysis

In general terms, Donnell alleges in his Complaint that his home suffered damage during a storm in December 2010 but that Hartford refused certain repairs, claiming the damage was caused by "improper repair of [Hurricane] Katrina damages" in 2005. Compl. [1] at 2–3. Donnell also alleges that Hartford concealed certain damage caused by the 2010 storm. *Id.* at 3–4. As for Donan Engineering, the Complaint states:

> The Donan, "Provided Harford with it's last of (5) five Restatements:" Allowing Hartford to re-inspect damages post-denial and post-litigation. "Damages that The Hartford had inspected during insurance/claim adjustment."
>
> 2. That The Donan and The Hartford, committed fraudulent "Misrepresentation of relevant material evidence, by using foreign, non-relevant photo/evidence, as being/reflecting serious, (failure to mitigate damages) damages in my home, that didn't/doesn't exist . . . .
>
> 3. The Donan, nor The Hartford, "Have admitted or denied Their erroneous, use of the above foreign-photos." Nor to adequately explain their use. Plaintiff's Offer for approval; "That the photos, supported Hartford's allegations of failure to mitigate damages." In error. . . .
>
> 4. The Donan's 4/28/11 "post-denial inspection, and 5/10/11 report eliminated mold and rotted wood that Hartford had/was concealing at the time of the 4/28/11 inspection." The evidence of record, (intended or not) shows that the defendants actions and inactions, "Was in Bad Faith, and showed disregard for the damages done to Plaintiff and his family." And will continuing With a Court order to end the alleged Bad Faith.

*Id.* at 6–7 (quoted as drafted, "sic" not used).

Plaintiff is proceeding *pro se*, and his Complaint and Response are candidly difficult to follow. While the Court is sympathetic to Donan's position and its motion to dismiss, the Complaint must be viewed in a light most favorable to Plaintiff. And when so read, he appears to assert in Paragraph 4 that Donan withheld information in its report. The Court finds the facts pled are sufficient to survive Donan's Rule 12(b)(6) motion. Should Donan wish to pursue dismissal, it may do so through a motion for summary judgment, with the benefit of discovery and evidentiary support.

IV.  Conclusion

IT IS, THEREFORE, ORDERED that Defendant Donan Engineering's Motion to Dismiss [19] is denied.

This case is currently set for a settlement conference before Magistrate Judge F. Keith Ball on July 31, 2015. If Donan believes it needs additional discovery and/or an extension of the dispositive motion deadline, which is also set for July 31, 2015, it may file a motion before Judge Ball after the settlement conference.

**SO ORDERED AND ADJUDGED** this the 3rd day of June, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE