UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSEPH DONNELL                                                                                   PLAINTIFF

V.                                                               CIVIL ACTION NO. 3:13CV761 DPJ-FKB

THE HARTFORD CENTRAL PROPERTY
CLAIMS REGION, ET AL.                                                                       DEFENDANTS

CONSOLIDATED WITH

HARTFORD UNDERWRITERS INSURANCE CO.                                     PLAINTIFF

V.                                                               CIVIL ACTION NO. 3:14CV344 DPJ-FKB

JOSEPH DONNELL                                                                                  DEFENDANT

ORDER

This insurance-coverage dispute is before the Court on motion of Defendant Donan Engineering Co., Inc. ("Donan") for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff Joseph Donnell has responded in opposition. The Court, having considered the submissions of the parties and the pertinent authorities, finds that Donan breached no duties to Donnell and its motion [82] should be granted.

I.      Facts and Procedural History

This thrust of this suit is Plaintiff Joseph Donnell's contention that his homeowners-insurance carrier, Hartford Underwriters Insurance Company ("Hartford"), wrongfully denied his claims for damage to his home and refused to renew his coverage. Against Hartford, Donnell alleges claims of negligence, fraud, breach of contract, and violation of the "Miss. Deceptive Trade Act." Compl. [1] at 1.

During the investigation of Plaintiff's claims, Hartford hired Defendant Donan, an independent forensic-engineering firm, to provide it with a report describing the condition of Plaintiff's property and issue an opinion as to the causes of any damage. Donan employee Robert J. Whelan, Jr. conducted site visits of the Donnell home on April 28, 2011, and November 30, 2011, and issued reports to Hartford on May 10, 2011, and January 16, 2012. Whelan Decl. at 2–5. Plaintiff was present for each inspection, pointing out areas of concern. *Id.* at 2–5. In general terms, Whelan observed termite damage and wood rot on the property, which he attributed to water from the soil and Plaintiff's improperly maintained shower and toilet. *Id.*, Ex. B, May 10, 2011 Report.

The bulk of Plaintiff's allegations in this lawsuit relate to Hartford's claims handling. Specific to Donan, Plaintiff's Complaint states:

> The Donan, "Provided Harford with it's last of (5) five Restatements:" Allowing Hartford to re-inspect damages post-denial and post-litigation. "Damages that The Hartford had inspected during insurance/claim adjustment."
>
> 2.      That The Donan and The Hartford, committed fraudulent "Misrepresentation of relevant material evidence, by using foreign, non-relevant photo/evidence, as being/reflecting serious, (failure to mitigate damages) damages in my home, that didn't/doesn't exist: Photos #s 0017, 0022, and 0031.
>
> 3.      The Donan, nor The Hartford, "Have admitted or denied Their erroneous, use of the above foreign-photos." Nor to adequately explain their use. Plaintiff's Offer for approval; "That the photos, supported Hartford's allegations of failure to mitigate damages." In error. (See. Ex. # 11)
>
> 4.      The Donan's 4/28/11 "post-denial inspection, and 5/10/11 report eliminated mold and rotted wood that Hartford had/was concealing at the time of the 4/28/11 inspection." The evidence of record, (intended or not) shows that the defendants actions and inactions, "Was in Bad Faith, and showed disregard for the damages done to Plaintiff and his family." And will continuing With a Court order to end the alleged Bad Faith.

*Id.* at 6–7 (quoted as drafted, "sic" not used).  Donan construed these allegations as embodying two fraud claims:  (1) it used photographs that were not of Donnell's home in its report, and (2) it omitted the presence of mold and rotted wood in its report.  Donan moved for summary judgment as to all of Plaintiff's claims, and Plaintiff responded in opposition.  The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.     Summary Judgment Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Id.* at 323.  The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.* at 324 (citation omitted).  In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence."  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S.

3

133, 150 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

III.   Analysis

   A.   Disputed Photographs

In his Complaint, Plaintiff alleges that photographs "0017, 0022, and 0031" are "foreign" and not from his home. Compl. [1] at 7 (numbered paragraphs 2 and 3). But Donnell's sworn testimony and representations to the Court belie that claim. For example, he admitted in his deposition that two of the photographs (17 and 22) were of his house. Pl.'s Dep. [82-2] at 9, 19 (CMECF pagination). Then, in his examination under oath, he testified that photographs 31, 32, and 33 depicted water damage that, in his opinion, was caused by his hot water heater. Pl.'s EUO [82-3] at 48–49. Finally, he acknowledged in his response to Donan's motion that the photos (17, 22, and 31) were of his home, but raised a new concern, claiming Donan failed to provide clear or "undistorted" copies. Pl.'s Mem. [89] at 10. Claims raised for the first time in response to a motion for summary judgment are not properly before the Court. *Cutrera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005). But even overlooking this flaw, Donan has presented uncontroverted evidence that the photos were not distorted; Donan merely used the zoom feature of the camera to capture a close-up shot of the damage. *See* Whelan Decl., Ex. G [82-20], H [82-21]. Summary judgment is appropriate on all claims related to the photographs.

B.     Report Omission

As for Donnell's claim that Donan's May 21, 2011 Report "eliminated mold and rotten wood that Hartford had/was concealing at the time of the 4/28/11 inspection," Donan construes this allegation as a claim of fraud and/or intentional misrepresentation. Compl. at 7 (paragraph numbered 4). Under Mississippi law, the elements of fraud are as follows:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of the truth; (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury.

*Gallegos v. Mid-S. Mortgage & Inv., Inc.*, 956 So. 2d 1055, 1059 (Miss. Ct. App. 2007) (noting that elements for fraud and intentional misrepresentation are identical). Donan submits, and the Court agrees, that Donnell has not created a question of fact as to whether these elements have been shown by clear and convincing evidence. *Id.*

First, "[a]n omission constitutes fraud only if the speaker owed the hearer a duty of disclosure." *Mooneyham v. Progressive Gulf Ins. Co.*, 910 So. 2d 1223, 1227 (Miss. Ct. App. 2005). Here, Donan was hired by Hartford, not Donnell, and provided its report and photographs to Hartford. Letter to Pl. [40-1] at 91 ("Donan Engineering has no contractual or business relationship with you as you are a third-party. As such I must direct any inquiries to The Hartford."); *see also* Whelan Decl., Ex. B [82-7] at 3 (May 10, 2011 Report addressed to Hartford). Thus, it made no representation directly to Donnell. *See also Taylor v. So. Farm Bureau Cas. Co.*, 954 So. 2d 1045, 1049 (Miss. Ct. App. 2007) ("[A] claim of fraud by omission arises only where the defendant had a duty to disclose material facts purportedly omitted. This duty generally arises only where there is a fiduciary relationship between the parties.").

Second, even assuming an actionable representation (or omission), any claim that Donan made a false report by concealing the presence of mold or rotted wood is disproved by the May 10, 2011 Report. The Report expressly discloses damage to wood due to "a fungal attack that is commonly referred to as wood rot (deterioration)." Whelan Decl., Ex. B [82-7] at 6. And to the extent Donnell is attempting to argue that Donan hid this information from him, he acknowledged in a letter to Hartford on July 2, 2011, that he had received a copy of Donan's report *from Hartford*. Donnell Letter to Hartford [26-1] at 70.

Because Plaintiff cannot prove a false representation was made to him by Donan, he has failed to prove the elements of his fraud claim. *See Gallegos*, 956 So. 2d at 1060 (noting that failure to prove any of the element of fraud was grounds for dismissal). Defendant's motion as to the fraudulent omission claim is likewise granted.

III.   Conclusion

The Court has considered all argument raised by the parties. Those not addressed in this Order would not have changed the outcome. Defendant's motion for summary judgment [82] is granted. To the extent Plaintiff seeks summary judgment as to his claims against Donan, his motion [88] is denied.

Plaintiff's claims against Donan Engineering, Inc. are dismissed with prejudice.

**SO ORDERED AND ADJUDGED** this the 29th day of March, 2016.

                                           s/ *Daniel P. Jordan III*
                                           UNITED STATES DISTRICT JUDGE